# United States District Court

_____ DISTRICT OF _____ DELAWARE _____

UNITED STATES OF AMERICA
V.
RUDY ALVARADO

**CRIMINAL COMPLAINT**

CASE NUMBER: 07-47M-MPT

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __March 12, 2007__ in __Sussex__ county, in the _____ District of __Delaware__ defendant(s) did, (Track Statutory Language of Offense)

being an alien and subject of Guatemala, who has been deported and removed from the United States, described more particularly on Attachment A

in violation of Title __8__ United States Code, Section(s) __1326__.

I further state that I am a(n) __ICE Special Agent__ and that this complaint is based on the following
                                   Official Title
facts: AFFIDAVIT attached.

FILED
MAR 1 2 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Signature of Complainant
WILLIAM O. HORN
Special Agent, U.S. Immigration & Customs Enforcement

Sworn to before me and subscribed in my presence,

__March 12, 2007__   at   __Wilmington, Delaware__
Date                         City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer                Signature of Judicial Officer

## ATTACHMENT A

Being an alien and subject of Guatemala, who had been deported and removed from the United States to Guatemala on or about August 14, 2003, was found in the United States, and the defendant was knowingly in the United States, and prior to the defendant's re-embarkation at a place outside the United States, neither the Attorney General of the United States nor the Under Secretary for Border and Transportation Security, Department of Homeland Security, had expressly consented to the defendant's re-application for admission.

# AFFIDAVIT

I, William O. Horn, being duly sworn, depose and say:

1. I am a Special Agent with the United States Department of Homeland Security, Bureau of Immigration & Customs Enforcement (ICE), Dover, Delaware. I have been employed as a Special Agent since October 1, 1997, when I was employed by the Immigration and Naturalization Service (INS). The INS was transferred to the U.S. Department of Homeland Security as the Bureau of Immigration & Customs Enforcement in March 2003.

2. This investigation is based on information provided by State of Delaware government agencies, INS/ICE records, and my own observations and interviews.

3. On March 12, 2007, Rudy ALVARADO was turned over to ICE Agents upon his release from Sussex Correctional Institution, Georgetown, Delaware, within the District of Delaware.

4. ICE database checks revealed that Rudy ALVARADO had been removed from the United States in 1999.

5. On March 12, 2007, Rudy ALVARADO was fingerprinted on ICE's Integrated Automated Fingerprint Identification System (IAFIS). IAFIS identified the fingerprints as those of Rudy ALVARADO, FBI Number 231421CC9. Two names are listed as aliases.

6. On March 12, 2007, your affiant advised Rudy ALVARADO of his rights and interviewed him under oath at the ICE office in Dover, DE. Rudy ALVARADO advised your affiant that his true and correct name was Rudy ALVARADO, that he is a citizen of Guatemala and that he had previously been removed from the United States. When asked, ALVARADO stated that he had not requested or obtained permission to reapply for admission to the United States.

7. Your affiant has reviewed the alien file, A79 735 030, relating to Rudy ALVARADO, and found that the file contains an executed Form I-205, showing that ALVARADO was removed from the United States to Guatemala on August 14, 2003 at Houston, TX. You affiant found no evidence of any filings for permission to reapply for admission to reenter the United States after having been removed.

WHEREFORE, your affiant avers there is probable cause to believe that Rudy ALVARADO, a citizen and national of Mexico, was previously removed by ICE to Mexico on August 14, 2003, and that, prior to his reembarkation at a place outside the United States, neither the United States Attorney General nor the Undersecretary for Border and Transportation Security, Department of Homeland Security, had expressly consented to such alien's reapplying for admission, in violation of Title 8, United States Code, 1326(a).

William O. Horn
Special Agent
U.S. Immigration & Customs Enforcement